IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Phoenix Energy, Inc, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:13-cv-00090 |
| | ) | |
| Breitling Royalties Corp. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON BREITLING ROYALTIES** |
| | ) | **CORP.'S MOTION TO DISMISS** |
| Defendant. | ) | |

Plaintiff Phoenix Energy, Inc. ("Phoenix") filed its Complaint (Doc. #1) on July 30, 2013. Phoenix's Complaint seeks a declaratory judgment from the court that it did not breach its contract with defendant Breitling Royalties, Corp. ("Breitling") and reformation of the contract between the parties. Breitling filed its Motion to Dismiss for Failure to State a Claim (Doc. #16) on March 3, 2014. Breitling's motion contends Phoenix's Complaint (Doc. #1) should be dismissed because Phoenix improperly seeks declaratory relief and an ongoing parallel state court action in Texas involving the same parties with identical legal issues allows this court to abstain from adjudicating Phoenix's federal claim.

## Summary of Recommendation

Upon review of the materials submitted by Breitling and Phoenix, and all the files in support of the motion on record, the magistrate judge **RECOMMENDS** Breitling's Motion to Dismiss (Doc. #16) be **DENIED**, but that this case be **STAYED** pending the disposition of the state court action filed by Breitling in Dallas County, Texas.

1

**Discussion**

The declaratory judgment action before this court originates from a dispute between the parties regarding a contract for the sale by Phoenix to Breitling of an interest covered by an oil and gas lease in McKenzie County, North Dakota, under which there was a producing well. Phoenix and Breitling began negotiations for sale of the interests in 2011 (Doc. #1, p. 3), and on February 23, 2012, Phoenix and Breitling executed a Letter Agreement and Assignment. (Doc. #1, p. 5). The parties dispute the percentage of the carried interest intended to be assigned and whether the carried interest should be burdened by production expenses. After discovering the interest it believed it purchased was not the interest Phoenix owned, Breitling filed a state court action in Dallas County, Texas in September 2012. (Doc. #27-1, p. 10). Breitling's Complaint raises breach of contract, fraudulent inducement, and fraud by nondisclosure claims. (Doc. #27-1, pp. 10-13). Breitling seeks recission of the contract.

As mentioned above, Phoenix's Complaint seeks a declaratory judgment from this court that it did not breach its contract with Breitling and a judgment reforming the contract. (Doc. #1). Phoenix acknowledges the contract documents are inconsistent, although its position differs from Breitling's. Phoenix seeks reformation of the contract to conform with its understanding of the intended assignment. Both the Texas lawsuit and the lawsuit before this court involve determining the intent of the parties upon entering into their contract.

Where a party seeks relief under the Declaratory Judgment Act federal courts have broad discretion "to abstain from exercising jurisdiction" if a parallel state court proceeding "present[s] the same issues, not governed by federal law, between the same parties." Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008), citing Wilton v. Seven Falls Co., 515 U.S. 277

(1995) and Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942).  To determine whether to abstain from a proceeding the court should consider "whether the claims of all parties in interest can satisfactorily be adjudicated in [the state court] proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id., quoting Brillhart, 316 U.S. at 495.  Once the court considers these factors it may exercise its discretion to abstain from adjudicating an action because "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where a parallel state court proceeding is pending." Id. at 791, quoting Brillhart, 316 U.S. at 495.

The court has considered these factors and concludes the parties' claims can be effectively and competently adjudicated in the Texas courts.  The Texas lawsuit and this lawsuit both involve interpretation of the terms of their contract, a determination of the parties' intent, and whether Phoenix breached the contract.  The issues to be resolved in both the Texas lawsuit and this lawsuit involve the application of state law.  Federal law does not govern the underlying issues of the Texas lawsuit or this lawsuit.  Furthermore, the parties to the Texas lawsuit and this lawsuit are identical and all the necessary parties have been joined in the Texas lawsuit.

Additionally, a status conference was held before this court on August 26, 2014 in which the parties apprised the court of the posture of the Texas state court litigation.  The underlying state court litigation has been ongoing in Dallas County, Texas ("Dallas County court") since September 2012.  On July 22, 2014 the Dallas County court heard oral argument on Phoenix's plea to jurisdiction and subsequently denied the plea.  Phoenix moved the Dallas County court for the right to file an interlocutory appeal as to the denial of Phoenix's plea to jurisdiction.  On August 18, 2014 the Dallas County court granted Phoenix the right to file its interlocutory appeal

to the Dallas Court of Appeals. However, the Dallas County court did not stay discovery or the November 10, 2014 trial date during the pendency of Phoenix's appeal. Phoenix intends to move the Dallas Court of Appeals for an emergency stay of the trial pending that court's decision on whether it will hear Phoenix's appeal and ultimate ruling on any appeal. The parties indicate that some discovery remains to be completed in the Texas lawsuit.

Sufficient and significant progress has been made in the parallel state court proceeding to justify this court's abstention from exercising its jurisdiction in this lawsuit. "Where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." Royal Indem. Co., 511 F.3d at 797. Here, the Texas state court could grant Phoenix's appeal on the plea to jurisdiction and eventually determine Texas courts should not exercise jurisdiction over the matter. In the event such a determination is made, this court should decline to foreclose the parties' access to judicial relief in a federal forum. Therefore, the court concludes a stay of Phoenix's federal action will reduce the risk of any statute of limitations issues should the Texas lawsuit fail to resolve the matter.

## Conclusion

For the foregoing reasons, the magistrate judge **RECOMMENDS** that Breitling's Motion to Dismiss (Doc. #16) be **DENIED**, and this case be **STAYED** pending the disposition of the state court action filed by Breitling in Dallas County, Texas, and the parties provide a status report to this court upon the disposition of the Texas state court action.

## Notice of Right to Object

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(D)(3), any party

may object to this recommendation within fourteen (14) days after being served with a copy.


Dated this 17th day of September, 2014.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge